IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01958-BNB

WELLMAN E. GIBSON,

    Plaintiff,

v.

GARY WATKINS,
GLORIA MASTERSON,
SUSAN JONES,
OFFICER PACEWARK,
LT. ARCHULETA, and
OTHERS TO BE NAMED LATER,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 6 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff Wellman E. Gibson is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The Court must construe the Complaint liberally, because Mr. Gibson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gibson will be ordered to file an Amended Complaint and to show cause why the action should not be dismissed for failure to exhaust the DOC administrative grievance procedure.

In the Complaint, Mr. Gibson asserts three claims. He alleges that (1) he has been denied access to his property, including medical and religious items, even though the property was approved for him to possess, (2) he is not able to conduct his religious studies and prayers without the religious items, and (3) he is not allowed to attend religious services. Plaintiff contends that the denial of the religious items is done to him as an "Anti-Semetic [sic] hate crime." (Compl. At 6.) Plaintiff seeks return of his property and monetary damages.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gibson must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Mr. Gibson will be ordered to file an Amended Complaint in which he alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations.

In addition, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of

whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Gibson is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Gibson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Although Mr. Gibson asserts, in response to Question Two under Section "F. Administrative Relief," on Page Seven of the Complaint form, that his "grievance was granted at step II level only to be told we don't care about a granted grievance where we confiscate something it stays took," he has failed to satisfy the burden of pleading exhaustion of administrative remedies. He is required to either attach copies of the administrative proceedings or describe with specificity the disposition of the grievance. Mr. Gibson will be required to respond and state how he has exhausted his claims in keeping with *Steele* and with the DOC grievance procedures. Accordingly, it is

ORDERED that Mr. Gibson file **within thirty (30) days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

3

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gibson, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Gibson submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Gibson fails to comply with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED February 6, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01958-BNB

Wellman Gibson
Prisoner No. 74384
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/6/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk