IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 7 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01958-BNB

WELLMAN GIBSON,

    Plaintiff,

v.

GARY WATKINS,
GLORIA MASTERSON,
SUSAN JONES,
OFFICER PACEWARK,
LT. ARCHULETA, and
OTHERS TO BE NAMED LATER,

    Defendants.

## ORDER DENYING REQUEST FOR RECUSAL

On February 15, 2006, Plaintiff Wellman E. Gibson filed a document titled "Reply to Order to File Amended Complaint." Although the Reply is signed by Mr. Gibson, the Reply appears to be written by someone other than Plaintiff. Nonetheless, in the Reply, Plaintiff seeks my disqualification.

Plaintiff alleges that I threatened him in federal court and asked that he dismiss a complaint, which I found to be frivolous. Plaintiff further asserts that I have made questionable rulings regarding his previous filings with the Court and that he is not able to "get a fair deal," because I have made threats against him. (Reply at 2.) Plaintiff fails, however, to assert a legal basis for his request for recusal.

Disqualification pursuant to 28 U.S.C. § 144 is not appropriate, because that section applies to district judges. Title 28 U.S.C. § 455, which is applicable to

magistrate judges and which incorporates the same bias and prejudice language found in § 144, is discussed below.

Section § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The goal of section 455(a) is to avoid even the appearance of partiality." *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

The provisions of § 455 do not command automatic disqualification of the judge. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted). Courts have identified various matters arising in recusal cases that generally will not satisfy the requirements for disqualification: (1) rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the fact that a judge previously has expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior adverse rulings in an instant proceeding or in a prior proceeding; (4) familiarity with the defendants, the type of charge, or the kind of

defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge. **See Cooley**, 1 F.3d at 993-94.

Mr. Gibson's allegations fail to demonstrate that I am biased or prejudiced against him or in favor of an adverse party or that my impartiality reasonably might be questioned. I have reviewed the Dockets in Plaintiff's two previous cases, Case Nos. 01-cv-02026-PSF-BNB and 01-cv-01282-MSK-BNB, which were assigned to me for the purpose of reviewing referrals from the assigned district judge. In neither of the cases did I threaten Mr. Gibson with a dismissal of the case. Furthermore, in serving as a magistrate judge in both of the referenced cases, I did not have the authority to dismiss either of the cases.

As for Mr. Gibson's assertions that I found his filings to be frivolous, the only time a discussion took place between Mr. Gibson and me about the merits of his filings was during an evidentiary hearing that dealt with two motions Mr. Gibson had filed, and in which he refused to provide any testimony or exhibits and asked to withdraw the motions. *Gibson v. Watkins*, No. 01-cv-02026-PSF-BNB, Doc. No. 85, dated June 28, 2003, (D. Colo. Jan. 30, 2004). In response to his request to withdraw the motions, the motions were denied as withdrawn. *Id.*

The basis for Mr. Gibson's request that I recuse myself is no more than a disagreement by Mr. Gibson with my adverse ruling in prior proceedings, which does

not satisfy the requirements for disqualification. Therefore, the request that I recuse myself will be denied.

As for Plaintiff's assertions that the Order of February 6, 2006, is the third order instructing him to file an amended complaint and that he has exhausted all his remedies, the assertions are not true. The February 6 Order is the first order in the instant case directing Plaintiff to amend. Furthermore, in review of the Complaint filed November 3, that originally was processed as a new action because Plaintiff failed to identify the proper case number on the complaint form, I again find, as I found in the February 6 Order, that Mr. Gibson has failed to satisfy the burden of pleading exhaustion of administrative remedies under **Steele v. Fed. Bureau of Prisons**, 355 F.3d 204, 210 (10th Cir. 2003). Accordingly, it is

ORDERED that Plaintiff's request that I recuse myself from the instant action, filed on February 15, 2006, is denied. It is

FURTHER ORDERED that if Plaintiff fails to comply with the Court's Order of February 6, 2006, within **twenty** days from the date of this Order, the Complaint and action may be dismissed without further notice. No further extensions shall be granted without good cause.

DATED March 7, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01958-BNB

Wellman Gibson
Prisoner No. 74384
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _3-7-06_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk