IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 30 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01958-BNB

WELLMAN GIBSON,

    Plaintiff,

v.

GARY WATKINS, Warden F.C.F.,
GLORIA MASTERSON,
SUSAN JONES,
OFFICER PACEWARK,
LT. ARCHULETA,
WARDEN MYLAIRD, S.C.F.,
KATHERINE SANQUINETTI, Chief Programs,
MAJOR COX,
ALL MAILROOM STAFF AT S.C.F. FROM 1-1-06 TO 3-20-06,
CAROL SOARES, Associat [sic] Warden S.C.F.,
LT. WHITNEY,
ALL UNIT 2 STAFF FROM 1-1-06 TO 3-20-06 AT S.C.F., and
MAJOR LLOYD WAIDE, Custody Controll [sic] S.C.F.,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Wellman Gibson is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Gibson has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his personal property, which included Jewish religious items, was confiscated when he moved from the Fremont Correctional Facility to the Sterling Correctional Facility. He further asserts that he is allowed to have the religious items in his possession, and without the items he is unable to practice his religion.

Plaintiff seeks the return of his property. Plaintiff also asserts that he filed two Step III grievances regarding the taking of his property but did not receive a response.

The Court must construe the Complaint liberally, because Mr. Gibson is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. See *id.*

The case and the claims alleged against Defendants Gary Watkins, Gloria Masterson, Susan Jones, Officer Pacewark, and Lt. Archuleta will be drawn to a district judge and to a magistrate judge.

As for the remaining Defendants, Plaintiff was instructed by Magistrate Judge Boyd N. Boland to show that each named Defendant caused the deprivation of his federal rights. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendants' participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff fails to assert that Defendants Warden Mylaird,

Katherine Sanquinetti, Major Cox, All Mailroom Staff at S.C.F. from 1-1-06 to 3-20-06, Carol Soares, Lt. Whitney, All Unit Two Staff S.C.F. from 1-1-06 to 3-20-06, and Major Lloyd Waide personally participated in the alleged violations. Accordingly, it is

ORDERED that Defendants Warden Mylaird, Katherine Sanquinetti, Major Cox, All Mailroom Staff at S.C.F. from 1-1-06 to 3-20-06, Carol Soares, Lt. Whitney, All Unit Two Staff S.C.F. from 1-1-06 to 3-20-06, and Major Lloyd Waide are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Warden Mylaird, Katherine Sanquinetti, Major Cox, All Mailroom Staff at S.C.F. from 1-1-06 to 3-20-06, Carol Soares, Lt. Whitney, All Unit Two Staff S.C.F. from 1-1-06 to 3-20-06, and Major Lloyd Waide from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Gary Watkins, Gloria Masterson, Susan Jones, Officer Pacewark, and Lt. Archuleta shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 29 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01958-BNB

Wellman Gibson
Prisoner No. 74384
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___3-30-06___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk