IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-01958-REB-MJW**

WELLMAN GIBSON,

Plaintiff,

v.

GARY WATKINS, et al.,

Defendants.

---

**RECOMMENDATIONS ON
CDOC EMPLOYEES' COMBINED MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS
(Docket No. 72)
and
DEFENDANT GARY WATKINS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(Docket No. 85)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on April 5, 2006 (Docket No. 29).

The pro se plaintiff is in the custody of the Colorado Department of Corrections ("DOC"). Pursuant to an Order issued by Judge Weinshienk on March 30, 2006 (Docket No. 25), the only defendants who remain in this action are Gary Watkins, Gloria Masterson, Susan Jones, Officer Pasewark, and Lt. Archuleta. Therefore, the

only claim remaining from the plaintiff's Amended Prisoner Complaint (Docket No. 22) is the first claim for relief[1] pursuant to 42 U.S.C. § 1983 in which the plaintiff asserts:

> Claim One: Religious Items confiscated (Allowable)
>
> Supporting Facts: Around 8-8-05 I was moved to F.C.F. [Fremont Corrrectional Facility] from A.V.C.F. [Arkansas Valley Correctional Facility] Numerous religious items were taken Tallit Bag, Tefillin bag, Tallit Katans, Religious medalion [sic], Kippah
>
> Officer Pacewark took items & then was supported with the confiscation of items by Gary Watkins, Gloria Masterson, Susan Jones Lt. Archuleta.

(Docket No. 22 at 6).

Now before the court are two motions to dismiss, namely, the CDOC Employees' [defendants Masterson, Jones, Pasewark, and Archuleta] Combined Motion to Dismiss Plaintiff's Complaint and Memorandum Brief in Support of Motion to Dismiss (Docket No. 72) and Defendant Gary Watkins' Motion to Dismiss Plaintiff's Complaint (Docket No. 85), which adopts and incorporates the statements and arguments contained in the prior motion. Defendants seek dismissal of the Amended Prisoner Complaint on the following grounds: (1) to the extent they are sued in their official capacities for damages, they are immune from liability; (2) plaintiff has not alleged personal participation on behalf of defendants Masterson or Archuleta; (3) they are entitled to qualified immunity; (4) plaintiff failed to exhaust administrative remedies; (5) plaintiff has not sustained a physical injury; and (6) plaintiff's claim for injunctive relief is moot.

Despite these six specific arguments for dismissal, the plaintiff's response to

---

[1] Claims Two and Three are directed at defendants who are no longer parties to this lawsuit pursuant to Judge Weinshienk's March 30, 2006, Order.

3

these motions was merely as follows: "See appeal sent in on 6-12-06 concerning Judge Watenabes [sic] recommendation dated 5-1006. It more than shows all evidence to prove property taken was mine & was all allowable items per D.O.C. regulations. I sent property slips, sales receipts & package slips & offerd [sic] proof that by confiscating religious items (Tallit Katan) & others made it to when I coul [sic] not practice my religious as mandated." (Docket No. 88).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of

4

advocate for the pro se litigant." Id.

**Exhaustion of Administrative Remedies**

Defendants assert that the plaintiff has failed to comply with the statutory mandates of the Prisoner Litigation Reform Act by failing to exhaust administrative remedies. Plaintiff did not address this argument in his brief Response.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion, plaintiff must "either attach copies of administrative pleadings or describe their disposition with specificity." Id. at 1211.

As correctly noted by the defendants in their motion, in his form Amended Prisoner Complaint, when asked if he exhausted available administrative remedies, the plaintiff checked off "Yes." (Docket No. 22 at 9). The form pleading then states: "If yes, **either attach copies or describe with specificity** how you have exhausted administrative remedies. If no, briefly explain why not:" (Docket No. 22 at 9) (emphasis added). As noted by the defendants, plaintiff did not attach any grievances with respect to any claim or any defendants, and he offered no description, with specificity,

5

of the administrative proceeding and its outcome. Instead, plaintiff's response was merely, "sent copy of refusal to accept grievances to court." (Docket No. 22 at 9).

It appears that plaintiff's response in his pleading may very well be referring to a document he attached to a previously-filed "Response to order to File Amended Complaint." That document was a memorandum from defendant Jones, the Associate Warden at F.C.F., dated January 25, 2006, in which she states:

> I have reviewed the information submitted in your Step I grievance dated December 29, 2005. I understand you have filed this grievance to grieve the fact the [sic] you did not receive an answer to your previous grievances.
>
> This is not an appropriate use of the grievance process. I am not accepting this grievance.

(Docket No. 20 at 3). A hand-written notation on the bottom of that memo, which apparently was written by the plaintiff,[2] states, "This is The Step I Wellman filed because they never replyed [sic] to his Step IIIs and as you can see they refused to accept it. Also he is refused access to the area where the law library is because of his disability per Major Wade & S.C.F. refuses to supply names for Wellman to Refile." (Docket No. 20 at 3). In the Step I grievance that was refused by Jones, plaintiff claims that he had "filed two Step III grievances at F.C.F. concerning properly illegally taken

---

[2]The Response to order to File Amended Complaint (Docket No. 20) starts off with the statement, "I am writing this for Wellman Gibson who has a verifable [sic] disability that affects his dexterity & a problem with vertigo conected [sic] to reading (vision). This can be verified through medical files at S.C.F." (Docket No. 20 at 1). The person who purportedly wrote this document for the plaintiff has never been identified. Moreover, the handwriting looks to this court to be the same handwriting on all of the other documents submitted by the plaintiff, many of which are written in the first tense, i.e., using the words "I," "me," "my," etc. See, e.g., Docket No. 54, which was written while he was housed in a different facility.

6

from me. Religious & personal property." (Docket No. 20 at 4). This court finds that even considering the limited information that can be gleaned from these documents, plaintiff has failed to satisfy his burden of pleading exhaustion. See Franzone v. State of Colorado, 2006 WL 2585045 (D. Colo. Sept. 6, 2006) ("It is not sufficient to allege simply that grievances were not answered without specifying when those grievances were filed, what issues were raised, and whether the grievance procedure was completed by moving on to the next step when the time for a response has passed.").

Based upon the above findings, it is recommended that the Amended Prisoner Complaint be dismissed without prejudice. Based upon this recommendation, the court has not addressed defendants' remaining arguments for dismissal.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the CDOC Employees' Combined Motion to Dismiss Plaintiff's Complaint and Memorandum Brief in Support of Motion to Dismiss (Docket No. 72) and Defendant Gary Watkins' Motion to Dismiss Plaintiff's Complaint (Docket No. 85) be granted and that the Amended Prisoner Complaint be dismissed without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

7

**Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 29, 2006                          s/ Michael J. Watanabe
       Denver, Colorado                                Michael J. Watanabe
                                                          United States Magistrate Judge